UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
MIKE CENTENO,                                              :
                                                           :
                                    Plaintiff,             :
                                                           :                24-CV-5238 (VSB)
                    - against -                            :
                                                           :                **ORDER**
BROOKFIELD PROPERTIES                                      :
MULTIFAMILY LLC and MATTHEW                                :
DIEHL,                                                     :
                                                           :
                                    Defendants.   :
                                                           :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

On July 11, 2024, Plaintiff initiated this action against Defendants Brookfield Properties

Multifamily LLC ("Brookfield") and Matthew Diehl ("Diehl" and collectively with Brookfield,

"Defendants"). (Doc. 1.) On October 10, 2024, I granted Plaintiff's leave to file an amended

complaint, (Doc. 14), and on October 23, 2024, Plaintiff filed an amended complaint, (Doc. 16

("Amended Complaint" or "Am. Compl.")). The Amended Complaint asserts that Plaintiff is a

resident of New Jersey, that "Brookfield is a foreign limited liability company incorporated in

Delaware" and "is authorized to do business in New York and regularly transacts business in

New York," and Diehl is a resident of Ohio. (Am. Compl. ¶¶ 2–5.) Moreover, Plaintiff asserts

that I have "jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in

controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs, and

the action is between citizens of different states." (*Id.* ¶ 6.)

On November 8, 2024, Defendants filed a motion to dismiss the Amended Complaint

under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Plaintiff's

Amended Complaint fails to state a claim. (Doc. 17.) The motion to dismiss did not challenge

Plaintiff's assertion that subject matter jurisdiction is proper under 28 U.S.C. § 1332.  (*See* Docs. 17–18.)

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Therefore, "[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete."  *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (alteration in original) (internal quotation marks omitted).

Plaintiff has not properly alleged diversity of citizenship in the Amended Complaint. Plaintiff asserts that "Brookfield is a foreign limited liability company incorporated in Delaware" and "is authorized to do business in New York and regularly transacts business in New York." (Am. Compl. ¶¶ 3–4.)  However, the citizenship of an LLC "is [not] determined [ ] by the LLC's place of incorporation or principal place of business, but by the citizenship of each member of the LLC."  *Agility Logistics Corp. v. Elegant USA, LLC*, No. 09-CV-4719, 2009 WL 3094898, at *1 (S.D.N.Y. Sept. 25, 2009).  For diversity purposes, an LLC is a citizen of every state of which its members are citizens.  *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000).  The Amended Complaint does not list Brookfield's members.  (*See* Am. Compl.)  Accordingly, Plaintiff has not properly established the citizenship of Brookfield because he has not alleged the citizenship of each member of Brookfield.  *See Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 447 (S.D.N.Y. 2014) (to invoke diversity jurisdiction, plaintiff must therefore establish "the citizenship of each member of the limited

liability company" (citing *Krause v. Forex Exch. Mkt., Inc.*, 356 F. Supp. 2d 332, 336 (S.D.N.Y. 2005))).

Similarly, Plaintiff has not established his and Diehl's citizenship because Plaintiff only asserts that he "was, and still is, a resident of the State of New Jersey" and Diehl "was (and still is) a resident of the State of Ohio." (Am. Compl. ¶¶ 2, 5.)  An individual's citizenship for purposes of diversity jurisdiction depends not on his residency, but rather on his domicile.  *See Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010) (summary order).  Domicile is the "place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted).  Domicile "is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (internal quotation marks and citations omitted).  For that reason, "allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins.*, 126 F.3d 100, 103 (2d Cir. 1997); *see Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000) (noting previously that the plaintiffs "failed adequately to allege diversity in their original complaint" because "they had alleged only the residence, and not the citizenship (or domicile), of the parties").  Thus, Plaintiff has not properly established his citizenship or Diehl's citizenship because he has not alleged his or Diehl's domicile.

"A failure to allege facts establishing jurisdiction need not prove fatal to a complaint." *Canedy*, 126 F.3d at 103.  By statute, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  The Second Circuit has

3

established that "[s]uch amendments will be freely permitted where necessary to avoid dismissal on purely technical grounds." *Canedy*, 126 F.3d at 103.

Accordingly, it is hereby:

ORDERED that no later than April 28, 2026, Plaintiff shall file either a second amended complaint or a declaration regarding his citizenship and the citizenship of Defendants Brookfield and Diehl to cure the defects described herein.

SO ORDERED.

Dated: April 7, 2026
       New York, New York

Vernon S. Broderick
United States District Judge